*211 OPINION.
Trussell:
At the trial evidence was adduced showing the net earnings from 1910 to 1912, inclusive, as being relatively large upon the then capital of $2,000; also that the contract with the Prudential Co. had a large capital value which should be allocated to the respective capital stock interests. We are of the opinion, however, that any capital value predicated upon these earnings, as well as any value in the contract, is much more attributable to the personal business reputations of Towle and Jamieson than to the capital value of the Investment Co. stock.
With respect to the amount of $1,311.36, the excess of the agreed value of assets received by the petitioner over the par value of his stock, we are of the opinion that this figure represents a realization of the then current profits of the corporation and should be included in petitioner’s income for the year 1920. The balance of the amount added to income by the respondent represents the credit balance of petitioner’s account accrued subsequent to March 1, 1913, and prior to the closing of said account in February, 1911.
Upon consideration of all the evidence in this case, including the petitioner’s personal account upon the books of the corporation and the corporation’s profit and loss account, photostats of which were introduced into the record, we are of the opinion that the gains made by the corporation were divided between the petitioner and his associate monthly, and petitioner’s share credited to his account, subject to his withdrawal at any time, and without any agreed limitation thereon. Petitioner during all those years was a director and treasurer of the corporation and could have withdrawn the amounts credited to his account at any time he chose to do so. The divisions and allocation of the profits were made pursuant to an agreement between the petitioner and his associate and without any corporate action in the nature of a declaration of dividends. It is apparent from the record that the petitioner, his associate, and the corporation at all times treated the profits as divided and distributed and that the credit balances standing upon petitioner’s account were regarded as loans to the corporation, upon which the corporation appears to have paid interest.
*212 Under the facts before us we feel that it is apparent that his share of the earnings of the corporation was unqualifiedly subject to the demand of the petitioner from the times in the several years when determined and divided according to the books.
We have consistently and repeatedly held that where income was definitely available to a taxpayer reporting on the basis of cash receipts and disbursements, he could not, by intentionally postponing or avoiding collection of the cash, prevent a determination that the income was realized within the year in which it became available to him. W. B. Brooks, 12 B. T. A. 31; affd., 35 Fed. (2d) 178; L. H. Manning & Co., 10 B. T. A. 633.
It seems apparent in the instant case that both parties have erred in failing to include the income in the several prior years when taxable or to now voluntarily amend the returns to correct the errors in the original returns.
With respect to the issue here before us we think but one conclusion is possible, namely, that his share of the corporation earnings from 1913 to 1917, inclusive, was realized by the petitioner in those years and, therefore, it should not be included in income for the taxable year. This conclusion makes it unnecessary to go into any consideration of the claims of the petitioner relative to the value as of March 1, 1913, of that portion of the stock which was acquired prior to that date.
Reviewed by the Board.

Judgment will be entered pursuant to Bule 50.

MoRijis, Smith, and Sternhagen dissent.